## Case No. 15,402.

UNITED STATES v. HOWARD (two cases).

[1 Sawy. 507; [1] 13 Int. Rev. Rec. 118.]

District Court, D. Oregon. March 13, 1871.

INDICTMENT FOR VIOLATION OF INTERNAL REVENUE LAWS—RETAILING LIQUORS AND TOBACCO—BILLIARD ROOMS.

1. An indictment which charges a defendant with carrying on the business of a retail liquor dealer without payment of a special tax at a certain place, continuously between certain dates, is sufficient without stating the means or circumstances by which he became such retail dealer.

[Cited in U. S. v. Page, Case No. 15,988.]

2. All persons who deal in tobacco are not liable to pay a special tax, and therefore an indictment which charges that a person was a dealer in tobacco without paying the special tax, is not sufficient, but the indictment should also show that he was such a dealer as is required to pay such tax.

3. A person for the time being in the possession and control of a billiard table, in a place or building open to the public, is prima facie the proprietor of a billiard room, and liable to pay the special tax therefor, even if the general property and ultimate control of the table or place, or either of them, be in some one else.

4. An allegation, that a party carried on the business of keeping a billiard table in a particular building, although unskillful pleading, is

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

equivalent to an allegation that he kept a billiard room and was the proprietor thereof.

[These were two indictments against G. B. Howard.]

John C. Cartwright, for plaintiff.

Erasmus D. Shattuck and Richard Williams, for defendant.

DEADY, District Judge. On March 9, 1871, the grand jury of this district found two indictments against the defendant. One of them contains one count and the other two, and they will be considered as one indictment with three counts. The first count charges that the defendant, at Corvallis, Oregon, on May 1, 1870, and continuously thenceforth to February 14, 1871, "did exercise and carry on the business of a retail liquor-dealer without having paid the special tax" therefor, as required by law.

The second one charges, that the defendant, at the place, and continuously between the dates aforesaid, "did exercise and carry on the business of a dealer in tobacco without having paid the special tax" therefor; and the third one charges, that the defendant, at the place, and continuously between the dates aforesaid, did "exercise and carry on the business and occupation of keeping and running a billiard table, open to the public and for the use and accommodation of the public aforesaid, in a building on Second street, without having paid the special tax" therefor.

The defendant demurs to the indictments because: (1) Of a misnomer as to his Christian name therein; (2) the facts stated do not constitute an offense; and, (3) the acts constituting the offense are not stated therein.

Misnomer cannot be taken advantage of by demurrer. For aught that appears G. B. Howard is the true name of the defendant. If not, he must so allege by a plea in abatement, and at the same time state what his name is. This is the course of proceeding at common law. Under the Code the matter is simplified and no objection can be taken to an indictment on the ground that the defendant is not truly named therein. Code Or. 458. If he is misnamed he must correct the mistake when called upon to plead. So far as appears the second and third causes of demurrer are substantially the same. The difference between is merely a verbal one.

In support of this cause of demurrer it is maintained by counsel for defendant, that it is not sufficient to allege that the accused was engaged in the business of a tobacco dealer or retail liquor dealer, but that the indictment should also state how or the means whereby he became such dealer. That a special tax is not required of all dealers in tobacco, and that, therefore, it is necessary to allege in the indictment, not only that the defendant was a dealer in tobacco, but that he was such a dealer or a dealer un-

der such circumstances as required the payment by him of a special tax. That it does not appear from the third count that the defendant was proprietor of a billiard-room, or that he even kept a billiard-room, but only a table.

The provisions of the statutes bearing upon the question are substantially these: Section 73 of the act of June 30, 1864 (13 Stat. 248), under which the indictments are found provides that: "Any person who shall exercise, or carry on any trade, business or profession, or do any act hereinafter mentioned, for the exercising, carrying on or doing of which a special tax is provided by law, without payment thereof, as in that behalf required, shall, for every such offense * * * be subject to a fine or penalty of not less than ten nor more than five hundred dollars. And if such person shall be a manufacturer of tobacco, snuff or cigars, or a wholesale or retail dealer in liquors, he shall be further liable to imprisonment for a term not less than sixty days and not exceeding two years."

By section 44 of the act of July 20, 1868 (15 Stat. 1848), the punishment for retailing liquor without payment of the special tax, was changed to a fine of not less than $500 and imprisonment not less than six months nor more than two years. By section 59 of the same act (15 Stat. 150) a special tax of $25 was imposed upon retail dealers in liquors and $100 upon wholesale dealers. This latter section also defines a retail liquor dealer to be one who sells or offers for sale spirits, wine or malt liquors of any kind, and whose annual sales, including those of all other merchandise, do not exceed $25,000. By act of March 10, 1869 (16 Stat. 42), this definition was amended so as to make any one "who sells or offers for sale" spirits, etc., "in less quantities than five gallons at the same time," a retail liquor dealer, without regard to the amount of his annual sales.

Ordinarily, an indictment should not only contain a certain description of the crime of which the defendant is thereby accused, but also of those necessary circumstances by which it is constituted, so as to identify the accusation. But to this general rule there are some exceptions. In the case of barretry, or being a common scold, or keeping a bawdy-house, where the crime consists of a repetition of frequent acts, it is sufficient to charge the defendant in general as a common barrator, etc. Bouv. Dict. verb. "Indictment"; 4 Bac. Abr. 310, 312.

Now, the first count in this indictment charges the defendant, in the language of the statute, with carrying on the business of a retail liquor dealer at a certain place and between certain dates. The circumstances which constitute him such a dealer between May 1, 1870, and February 14, 1871, may be various and oft repeated, but their essential character is necessarily implied in this description of the offense. One dealer may sell spirits, another wine, and another beer; the first may sell by the drink, the second by the bottle, and the third by the gallon, but these are mere accidental differences, and in no wise affect the essential and legal character of the transactions. The material circumstance is the sale, or offer to sell, of either kind of liquor in any quantity less than five gallons at the same time. The identity of the act is sufficiently established by the circumstances of time and place. Indeed, it is probable that the distinction between wholesale and retail dealers is only made in the statute for the purpose of graduating the special tax according to the business of the dealer, and that it need not be noticed in an indictment. Be this as it may, there are no circumstances under which any one can sell, or offer to sell, distilled spirits, wine or malt liquors, in less quantities than five gallons at once, without thereby becoming a retail dealer in liquor, and liable to the payment of the special tax in that behalf provided. In this respect, I think the indictment is sufficient.

The charge of being a dealer in tobacco without payment of the special tax, as stated in the second count, is not a certain description of any crime known to the law, for, as I read the statute upon the subject, it is not every one who deals in tobacco that is required to pay such special tax. For instance, neither a person whose annual sales of tobacco amount to only $100 or less, unless such person is also a "general retail dealer, liquor dealer, or keeper of a hotel, inn, tavern or eating house;" nor one who deals in leaf tobacco of his own production or that of his tenant, received for rent; nor one who sells tobacco of his own manufacture, is liable to a dealer's special tax.

"An indictment charging a man with nuisance, in respect of a fact which, lawful in itself, as the erecting of an inn, etc., and only becomes unlawful from particular circumstances, is insufficient, unless it set forth some circumstances that make it unlawful." 4 Bac. Abr. 311. So here, the indictment should state the particular circumstances necessary to make the defendant, being a dealer in tobacco, liable to pay the dealers' tax. As it is, for all that appears, he may or may not have been such a dealer, and therefore it is uncertain whether he committed a crime or not by the commission of the act charged. The demurrer to this count must be sustained.

The words of a statute need not be followed in describing an offense, but it is sufficient if an indictment contain terms or expressions of substantially equivalent import. It is also to be remembered, that these acts are parts of a revenue system and that this provision is remedial in its nature—intended to aid in the collection of a tax—and therefore not to be strictly construed, but otherwise. In my judgment, any person who ap-

pears to be, or for the time being is, in the possession and control of a place or building where a billiard table is kept for public use, is prima facie the proprietor of a billiard-room and liable to pay this special tax; and this is so, although the general property and ultimate control of the place and table, or either of them, may be in some one else.

In this view of the matter, I think the language of the indictment, although unskillful, is sufficient. An allegation that the defendant "carried on the business and occupation of keeping and running a billiard table" in a particular building is equivalent to an allegation that he carried on the business, etc., of keeping a billiard room, and that he was, for the time being, the proprietor thereof.